
# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Modified by 0·1522  0-1340

Honorable Tom L. Hartley
Criminal District Attorney
Edinburg, Texas

Dear Sir:

Opinion No. 0-1461
Re: The statutes do not authorize
tax collectors to issue poll
tax receipts on applications
therefor made by mail, except
where the poll tax has been
assessed against the taxpayer
and in response to it he
mails to the collector a
money order or bank check in
payment of both poll tax and
property tax.

We have your letter of September 15, 1939, requesting
an opinion upon the following question:

"Can a taxpayer who does not reside
in a city of 10,000 inhabitants mail to
the tax collector of said county his sworn
affidavit containing all information nec-
essary for the issuance of a poll tax re-
ceipt, together with the money in payment
therefor, and receive his poll tax receipt
without having appeared in person or with-
out having designated an agent in said
affidavit as required by law?"

We quote verbatim Article 2961, Vernon's Civil Stat-
utes of the State of Texas, which we believe controlling of the
methods by which a party may apply for a poll tax receipt.

"If the taxpayer does not reside in a
city of ten thousand inhabitants or more,
his poll tax must either be paid by him in
person or by some one duly authorized by

CC212

him in writing to pay the same, and to
furnish the collector the information
necessary to fill out the blanks in the
poll tax receipt. Such authority and
information must be signed by the party
who owes the poll tax, and must be de-
posited with the tax collector and filed
and preserved by him."

Article 2963, Vernon's Civil Statutes of the State
of Texas, provides that when the poll tax is paid by an agent,
the tax receipt shall not be delivered to the agent, but shall
be sent by mail to the taxpayer, or kept and delivered to the
taxpayer in person by the tax collector.

We have considered the case of Wallis v. Williams,
110 S. W. 785, (1908 T. C. A. Galveston), to which you refer,
as holding "The right of suffrage conferred by the Constitution
does not depend upon the payment of his poll tax 'in person'
by the voter." Upon an examination of this case we have con-
cluded that while it is in line with several authorities hold-
ing that if a poll tax is issued irregularly it will not operate
to disfranchise the voter, however, the principle is not to be
construed, in our opinion, as authority for a tax collector to
issue a poll tax other than as provided by statute. The court
in this case said:

"The statute upon the subject directs
that the voter shall pay the tax in person,
or give a written order therefor; but it does
not provide that a failure to obtain his re-
ceipt in the manner directed by the statute
will disfranchise the voter."

The case of Parker v. Busby, et al, (T. C. A. Galves-
ton, 1914), 170 S. W. 1042, was a mandamus proceeding to require
the tax collector of Hardin County to issue a poll tax receipt
both to parties who had tendered the tax by agents holding duly
written authority and to parties who had made application for
their poll tax receipts by mail. Note that it does not appear
that the parties making application by mail did so pursuant to
assessments against them.

"We think it is only necessary to add
that the law does not provide for the pay-
ment by a taxpayer of his poll taxes through
mail and that the plaintiffs * * * who
sought to make payment and obtain their poll
tax receipts in this way, have no right to

00213

compel the collector to issue receipts
to them * * *"

From the foregoing it is our opinion that pursuant
to Article 2961, an applicant for a poll tax receipt must
necessarily furnish the collector the information necessary
to fill out the blanks in the poll tax receipt, along with
the money, either (1) in person or (2) by a duly authorized
person authorized in writing to act as agent for him.

We now consider Article 2963 as it bears upon this
question. It reads in part as follows:

"When in cases permitted by this
Title, the tax is paid by an agent, the
tax receipt shall not be delivered to
such agent, but shall be sent by mail
to the taxpayer or kept and delivered to
him in person by the Tax Collector.

Where a property taxpayer residing
either within or without a city of ten
thousand inhabitants or more, has a poll
tax assessed against him or his wife or
both, he may, at the same time that he
pays his property tax by bank check or
money order, also pay the poll tax of
himself and wife, or either, and in the
same way, and it shall be the duty of
the Tax Collector in such cases, to mail
such poll tax receipts, together with
the property tax receipt to such property
taxpayer. Exemption certificates shall
be mailed in like manner, with the proper-
ty tax receipt upon the payment of proper-
ty taxes."

The first sentence undoubtedly refers to Article 2961,
and requires that in instances where the poll tax is tendered
by an agent, the receipt must be mailed to the tax payer. The
remainder of the paragraph of said article deals, we believe,
with a third method of tendering applications for poll taxes.
Namely where a taxpayer "has a poll tax assessed against him
or his wife or both, he may, at the same time that he pays his
property tax by bank check or money order, also pay the poll
tax of himself and wife, or either, * * *". We construe this
measure to imply that the taxpayer may apply by mail for a poll
tax receipt provided he has been assessed for the poll tax and

C0214

tenders his bank check or money order in payment of said poll tax at the same time that he pays his property tax. It is certain that a taxpayer may pay his property tax by mail. He may by authority of the above statute also pay his poll tax in the same way, that is by mail, provided he complies with the other provisions of Article 2963 and pays his property tax in that manner and at the same time. Too, there is good reason for the exception, for in considering the purpose of the statutes to prevent fraudulent and improper issuance of poll tax receipts, such evils are for practical purposes avoided when the receipts are issued on applications received (with money order or bank check) pursuant to specific assessments. Only property owners may pay their poll taxes in this manner. Obviously persons illegally seeking the issuance of tax receipts meet with the practical difficulty, under this method, of having to pay at the same time a property tax, which of course they will not do except where paying their own. Further., in such instances the tax collector is under a duty "to mail such poll tax receipts, together with the property tax receipt to such property taxpayer." It would be a needless requirement for the collector to mail the receipts, if the taxpayer had tendered the tax in person. Undoubtedly the Legislature contemplates in such instances, a tender by mail. The taxpayer, it is to be noted, must, pursuant to Article 2965, tender all the information therein called for to enable the collector to make out a poll tax receipt.

At this point it is necessary to consider a former opinion of this department rendered on February 13, 1931, by Everett F. Johnson, Assistant Attorney General. Article 2963 was construed to provide that the tax collector may issue tax receipts in all instances of applications by mail. It reads in part as follows:

> "While the foregoing article refers to a poll tax that has been assessed against a person, we do not think that an assessment is necessary in order to allow the payment thereof by mail."

The above stated opinion was directed primarily to "the real and only question involved is whether or not the tax collector can issue a 1930 voting poll tax receipt after January 31, 1931." In that instance the money for the poll tax had been directed to the tax collector before the final date of January 31, but the tax collector had failed to issue the receipt within or by that time. The opinion holds that inasmuch as the money and application for the poll tax receipt was received within the prescribed statutory time limit the tax col-

lector was under a duty to issue a receipt. Necessarily involved in the question before the department at that time was also the one we are presently concerned with, namely, whether or not the application for the poll tax, having been made by mail, the tax collector was under a duty to issue the receipt.

The opinion concludes "the taxpayer has paid the poll tax furnished the tax collector with all the information required, prior to February 1, and in doing so, in our opinion, he has done all that the law requires of him in order to obtain a poll tax receipt." We agree with this former opinion insofar as it holds that a tax collector may issue a tax receipt following February 1, of any year provided he has received the application and money for the receipt previous to that date. However, with the conclusion that in all instances the application may be made by mail we are forced to differ.

Accordingly it is our opinion that Article 2961 authorizes a tax collector to issue poll tax receipts only upon application by the taxpayer in person or by his agent upon written authority and that Article 2963 authorizes the tax collector to issue poll tax receipts upon application made by mail provided the taxpayer in such instance has been assessed for the poll tax and tenders payment therefor at the same time that he pays his property tax, with bank check or money order.



Yours very truly

ATTORNEY GENERAL OF TEXAS

(Signed)

By

Hugh Q. Buck
Assistant

HQB:RS

APPROVED: November 7, 1939
Gerald C. Mann  (Signed)
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY B.W.B.
CHAIRMAN